IN THE

# SUPREME COURT OF NEBRASKA.

## SEPTEMBER TERM, A. D. 1889.

PRESENT:

HON. M. B. REESE, CHIEF JUSTICE.
" AMASA COBB, } JUDGES.
" SAMUEL MAXWELL,

## J. W. GERMAN ET AL. v. SAMUEL K. BOSLOUGH.

[FILED NOVEMBER 21, 1889.]

Replevin: BURDEN OF PROOF. Where B. replevied certain property taken in execution by G., a constable, and upon the trial the question turned upon whether the judgments upon which the executions were issued had been paid, as claimed by the plaintiff in replevin, an instruction, requested by defendants, telling the jury that the burden of proving payment was upon the plaintiff, *held*, erroneously refused.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Burke & Prout,* for plaintiff in error :

If. the testimony in rebuttal, as to the agreement between Griffin and Aldrich for the settlement of the judgments upon which the executions were issued, was admissible at all, the burden of showing payment of such judgments

3          [33]

rested on defendant in error. A mortgagor of chattels, so long as he holds possession, has such an interest as can be levied on. (*Burnham v. Doolittle,* 14 Neb., 217 ; *Chicago Lumber Co. v. Fisher,* 18 Id., 339.)

*Pemberton & Bush, contra:*

The mortgaged property was not subject to levy under the executions. (*Smith v. Kouts,* 7 N. W. Rep. [Ia.], 185 ; *Wells v. Chapman,* 13 Id., 841; *Adams v. Bank,* 4 Neb., 370 ; *Lorton v. Fowler,* 18 Id., 224; *Peckinbaugh v. Quillin,* 12 Id., 588.) The proper remedy was garnishment. (*Faulkner v. Meyers,* 6 Neb., 414.) An officer claiming title* to property under process in his hands must show a valid, unpaid judgment (*Beach v. Botsford,* 1 Doug. [Mich.], 199 ; Wells on Replevin, sec. 130); and there was no evidence of such a judgment in this case. The questions were all passed upon by the jury, and a reviewing court will not interfere.

CObb, J.

The plaintiff in the court below complained of J. W. German, constable, and Neil Griffin, defendants, and alleged that he had a special ownership in one certain span of bay mares, both four years old, of the value of $300, and that he was entitled to the immediate possession of the same; that the defendants wrongfully and unlawfully detain the same from his possession, to his damage two dollars, and that the same were not taken in execution, or on any order, or judgment against him for the payment of any tax, fine, or amercement assessed against him, or by virtue of any order of delivery issued under the code of civil procedure providing for the replevin of property, or on any other mesne or final process against him, and prays judgment for the possession of said property and damages for the detention thereof, or for the sum of $300, the value thereof.

The defendant German set up his defense in an affidavit stating that at the commencement of this action he was and is a constable for Wymore township, in said county; that he had possession of the property replevied in this action by virtue of two executions in favor of Neil Griffin and against H. H. Aldrich, issued out of justice's court, and which he had levied, as such officer, upon the property in question as the property of said Aldrich; and that said Griffin has, or claims to have, an interest in the property, and is the real party defendant in this suit, and prays that he may be made such.

The defendant Griffin set up in his affidavit that he has an interest in the property sought to be recovered in this action as the execution creditor in the two executions levied on the property in question as that of H. H. Aldrich, the execution debtor. Affiant asks to be made a party defendant in this action.

There was a trial to a jury, with verdict that at the commencement of this action the right of possession of the property was in the plaintiff, and assessing the damages at the sum of $5; and, the motion for a new trial being overruled, judgment was entered on the verdict.

The defendants having duly excepted on the record, assign the following errors:

1. The verdict is contrary to the law and the instructions of the court.

2. It is not supported by the evidence.

3. It was given under the influence of passion and prejudice, and without regard to the evidence or the instructions of the court.

4. In admitting the evidence of H. H. Aldrich and the witness Wilson in rebuttal, as to the settlement between Griffin and Aldrich, over defendants' objection.

5. In refusing defendants' instructions, 7, 8, and 9.

6. In giving instructions on its own motion, 1, 2, and 3.

7. In overruling the motion for a new trial.

. It appears from the record that on the 6th day of August, 1887, J. W. German was a constable of the town of Wymore, Gage county, and had in his hands an execution against H. H. Aldrich in favor of Neil Griffin. It was originally issued for $184.81 debt, and $21.65 costs; total, $206.46; also another execution in favor of said Neil Griffin, and against the said H. H. Aldrich, issued in another case for $39.60 costs. It also appears from the bill of exceptions that on the said day the said H. H. Aldrich was the general owner of two bay mares about four years old, one double spring wagon, one set double harness, and two fly nets, which he had conveyed by mortgage to one H. A. Greenwood for the consideration of $157; $20 of which had been paid. A copy of this mortgage had been filed in the office of the county clerk, and was in fact known to the said constable, who applied to the said Greenwood and obtained his consent and permission to levy the said executions upon the said property, subject to the said mortgage, and thereupon levied the same and seized the said property. On the same day, or a few days thereafter, the said Greenwood, as he testifies, sold and delivered the note, secured by the said mortgage, to the plaintiff, who thereupon replevied the said property from the said constable. Upon his application, Neil Griffin was also made a party defendant with the constable, German.

Upon the trial the principal effort on the part of the plaintiff seems to have been to show that the judgments, or one of them, upon which the executions were issued, had been paid and satisfied before the date of the issuing of said executions.

The following instructions to the jury were given by the court on its own motion:

"1. This is an action of replevin in which the turning point is the right of possession of the things replevied. At the commencement of this action the plaintiff in the evidence claims under the mortgage note he has offered in evidence.

German v. Boslough.

If at the time of the levy of the execution defendants have offered in evidence, the owner of said mortgage note consented to such levy, the property by such consent became subject to said levies. The effect of the levies depends upon the validity of the said several executions. The validity of each of said executions depends upon whether there was a subsisting unsatisfied judgment upon which the execution issued at the time of its issue. The judgments and executions are sufficient in form and must be taken for just what they say, unless you believe from the evidence that the judgments, or one of them, have been satisfied in whole or in part beyond what is shown on the judgments or executions themselves. The judgments and executions were good, if for anything, only for the amount due and unsatisfied on the judgments. It is a question of fact for you to determine how much, if anything, has been paid on the judgments in money or property, and how much, if anything, was due on the judgments at the time of said levies. If anything was due on the judgments at the time of the levy, the levy was good as against the judgment debtor, Aldrich, for the amount due on the judgment and gave the officer the right of possession as against said Aldrich; and if the levy was consented to by the owner of the mortgage note, then the levy gave the officer the right of possession as against plaintiff. If the levies were not made with the consent of the owner of the said mortgage note, the officer making the levy did not become entitled to the possession of the property as against the mortgagee.

"2. If you find that at the commencement of this action the plaintiff was entitled to the possession of the property replevied, you will so state in your verdict and assess the plaintiff's damages for the wrongful detention.

"3. If you find that at the commencement of this action the defendant German, as constable, was entitled to the possession of the property, you will assess the value of such right of possession at the amount due and unsatisfied on

said judgments and executions, provided you find that the value of the property was sufficient to satisfy the amount of said mortgage debt and the amount due on said judgments; but if you find that the value of the property was not sufficient to pay both the mortgage and judgment debts, you will find (in case you find for defendants) the value of the right of possession to be the value of the property less the amount of the said mortgage debt."

No error in these instructions is specifically pointed out, and I fail to see any reversible error in them.

The defendants requested the court to give the following instruction:

"No. 7. You are instructed that the amount due upon the two judgments in favor of Neil Griffin v. H. H. Aldrich, as shown by the transcript in the one case, and by the docket of S. S. Newton in the other, is to be taken as correct, unless the contrary is shown by a preponderance of the testimony, and that the burden to so prove such fact is upon the plaintiff."

While the language of this instruction is not very rhetorically expressed (which was not necessary), I think that it is good in substance, and ought to have been given. The constable defendant had levied upon property subject to a mortgage lien of $107, to satisfy two judgments, one rendered by C. A. Burnham, justice of the peace, for $184.81 and $21.65 costs of suit; total, $206.46; and the other rendered by S. S. Newton, justice of the peace, for costs amounting to $39.60. There were certain sums admitted to have been paid on the former of these judgments, and credited thereon; but the efforts of the plaintiff were chiefly directed upon the trial to an effort to prove that at sundry times and in various ways after the rendition of the said judgments, payments had been made thereon by Aldrich, the judgment defendant therein, until and so that at the date of executions nothing whatever was due upon either of the judgments. The judgments showed for themselves; as the

court very properly instructed the jury, both on its own motion and at the request of the defendants.    Surely it was not incumbent upon the defendants to prove that they had not been paid.    If there was any proof of payment to be made, the burden of making it was clearly upon the plaintiff and the jury should have been so instructed.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.